# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC BIGHAMES, CDC #V-195566,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT HERNANDEZ, et al.,<br><br>Defendants. | Civil No.   07-1180 L (WMc)<br><br>**ORDER:**<br><br>**(1)   DISMISSING CIVIL ACTION AS DUPLICATIVE PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(i); and**<br><br>**(2)   DENYING MOTION TO PROCEED** *IN FORMA PAUPERIS* **AS MOOT**<br><br>**[Doc. No. 2]** |

Plaintiff, a former state inmate incarcerated at the Richard J. Donovan Correctional Facility in San Diego, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No 2].

////

**I.      Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)**

Notwithstanding IFP status or the payment of any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim).

Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. However, as amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to FED.R.CIV.P. 4(c)(2). *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties").

Plaintiff's instant Complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it appears to be duplicative of a civil rights case Plaintiff is already litigating. Plaintiff's Complaint contains identical claims and defendants that are found in *Bighames v. Wall, et al.*, S.D. Cal. Civil Case No. 07cv0227 JAH (PCL). A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

A plaintiff's complaint is considered frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal

1 quotations omitted). Because Plaintiff is already litigating the same claims presented in the
2 instant action in *Bighames v. Wall, et al.*, S.D. Cal. Civil Case No. 07cv0227 JAH (PCL), the
3 Court hereby **DISMISSES** Civil Case No. 07cv1180 L (WMc) pursuant to 28 U.S.C.
4 § 1915(e)(2)(B)(i). *See Cato*, 70 F.3d at 1105 n.2.

**II.     Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's Complaint in Civil Case No. 07cv1180 L (WMc) is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff's Motion to Proceed IFP [Doc. No. 2] is **DENIED** as moot.

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: August 13, 2007

_____
M. James Lorenz
United States District Court Judge